94 F.3d 647
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America Plaintiff-Appellee,
v.
Antoine MORRIS, Defendant-Appellant.
 No. 95-3268.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 8, 1996.
Decided Aug. 8, 1996.
 
 Before POSNER, Chief Judge, and ROVNER and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Antoine Morris pleaded guilty to conspiring to possess cocaine with intent to distribute it, in violation of 21 U.S.C. § 846. The court sentenced him to seventy months' imprisonment, a $1500 fine, and five years' supervised release. He now appeals the sentence which the district court imposed. His attorney, believing that the record shows no meritorious issues for the basis of appeal, filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asking leave to withdraw.*
 
 
 2
 Law enforcement agents in Wisconsin uncovered a group of individuals, including Morris, selling cocaine and cocaine base from a pair of houses in Milwaukee. Agents made several purchases from the group, including at least two from Morris. They also observed Morris accompanying Walter Tipton, the alleged leader of the drug ring, when he made narcotics sales. Morris was arrested while driving Tipton, after he attempted to flee a traffic stop of the vehicle. The arresting officer observed Morris drop a .357 magnum revolver before he fled the vehicle. Tipton had 9.17 grams of cocaine base, a pager and cellular telephone, and $600 cash at the time he was arrested.
 
 
 3
 Morris entered a written plea agreement, stipulating that he was responsible for distributing between five and twenty grams of cocaine base, and that he carried a gun while engaged in his narcotics activities. In both the written plea agreement and the plea colloquy before the district court, Morris agreed that the plea was voluntary, and that he understood the rights he was giving up thereby. The government also advised Morris of the potential maximum penalty he faced, and about the application of the Sentencing Guidelines.
 
 
 4
 The findings in the Probation Department's Presentence Investigation Report did not differ from the facts to which Morris stipulated in the plea agreement: neither did the Department's sentencing recommendations under the Guidelines differ from the plea agreement. At the sentencing hearing, the district court calculated that under the Sentencing Guidelines, Morris' base offense level was twenty-six, U.S.S.G. § 2D1.1(c)(7), increased two levels for using a firearm during the offense, U.S.S.G. § 2D1.1(b)(1), and reduced three levels for acceptance of responsibility, U.S.S.G. § 3E1.1, yielding a total offense level of twenty-five. The court assessed Morris two criminal history points for a 1994 narcotics offense, U.S.S.G. § 4A1.1(b), two more points for committing the offense of conviction while under a criminal sentence, U.S.S.G. § 4A1.1(d), and one point for being on escape status when he committed the instant crime. U.S.S.G. § 4A1.1(e). These five criminal history points placed Morris in Criminal History Category III, yielding a sentencing range of 70-87 months. U.S.S.G. Ch. 5 Pt. A. The district court sentenced him at the bottom end of the range.
 
 
 5
 The record makes it clear that Morris was fully informed of his rights when he pleaded guilty, and that the district court sentenced him correctly under the Guidelines. It is also evidence that Morris's counsel acted competently throughout the proceedings. Although Morris voiced complaints at the plea colloquy about the clarity of counsel's explanation of the plea agreement, the district court permitted a recess until Morris indicated that matters had been explained to his satisfaction.
 
 
 6
 Neither are there constitutional bars to the district court's actions. First, we have consistently ruled that the disparity of the penalty structure which the Guidelines impose for cocaine base as compared to cocaine powder does not violate the Equal Protection Clause of the Constitution. United States v. Booker, 73 F.3d 706, 710 (7th Cir.1996) (collecting cases). Second, even in light of United States v. Lopez, 115 S.Ct. 1624 (1995), it is clear that Congress did not exceed its authority under the Commerce Clause when it enacted the Controlled Substances Act, including the cocaine distribution conspiracy statute under which Morris was convicted, and thus deprive the district court of jurisdiction over the case. 21 U.S.C. § 801(3)-(6) (local narcotics activities have a substantial effect on interstate commerce); United States v. Rogers, Nos. 94-2368/94-3836, 89 F.3d 1326, 1996 WL 399850, * 11-12 (7th Cir. July 17, 1996) ("drug dealing is an economic activity that affects interstate commerce"); United States v. Genao, 79 F.3d 1333, 1335 (2d Cir.1996) (finding 21 U.S.C. § 846 constitutional under a Lopez analysis).
 
 
 7
 Our review of the record and appellate counsel's thorough Anders brief reveals no other potential non-frivolous issues upon which to base an appeal. Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.
 
 
 
 *
 We notified the defendant that an Anders brief had been filed. See Circuit Rule 51(a). No response has been filed